## Davis et ux. v. Gheens.

(Decided December 9, 1930.)

MORTON K. YONTS and GIFFORD & STEINFELD for appellants.

BLAKEY, DAVIS & LEWIS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

On November 28, 1925, Mrs. R. F. Davis and her husband, R. F. Davis, entered into a contract with Mrs. Mary V. Gheens, which is as follows:

"Louisville, Ky., November 28, 1925.

"Whereas an agreement was made and entered into between Mrs. R. F. Davis and R. F. Davis, her husband, and Mrs. Mary V. Gheens, on or about August 5, 1924, said agreement reading as follows:

" 'This agreement entered into by Mrs. R. F. Davis of the first part and Mrs. Mary Gheens, of the second part, whereby Mrs. Davis for the consideration of $30.00 per month agrees to board Mrs. Gheens as long as Mrs. Gheens lives.

" 'Mrs. Gheens is to occupy the front room on the second floor of Mrs. Davis' residence.

" 'As part of the agreement Mrs. Gheens agrees to pay to Mrs. Davis $2,500.00 in cash for which she is to receive 5% interest so long as she lives.

" 'In the event of Mrs. Davis' death prior to the death of Mrs. Gheens, Mrs. Gheens is to be taken care of on the above terms by Mr. R. F. Davis.'

" And, Whereas, said Mrs. R. F. Davis and R. F. Davis claim that the consideration in said agreement is insufficient for the services to be rendered and have demanded of said Mrs. Mary V. Gheens the payment of an additional $1,000.00, and

"Whereas, said Mrs. Mary V. Gheens wishes to be provided with a suitable home during her lifetime.

"Now, therefore, in consideration of the premises and of the payment of $1,000.00 by said Mary V. Gheens to Mrs. R. F. Davis and R. F. Davis, it is further agreed by the parties hereto as follows:

"That said Mrs. Mary V. Gheens will be furnished by the other parties hereto with a suitable and comfortable room in pleasant surroundings so long as she may live; that during said time she shall be furnished with suitable board; that said Mrs. R. F. Davis and R. F. Davis shall pay to said Mrs. Gheens interest on said $1,000.00 at the rate of 5% payable semi-annually, so long as Mrs. Gheens shall live; that in the event said Mrs. R. F. Davis or R. F. Davis should make further demands upon said Mrs. Gheens, or should they fail to provide Mrs. Gheens with a comfortable room and suitable board, or to pay the interest when due upon any of the funds heretofore advanced by her to said Davises, or should the surroundings of Mrs. Gheens be made unpleasant, or should said Davises in any other manner fail to carry out this agreement or the one heretofore entered into, then and in that event said Mary V. Gheens shall have the option to declare this agreement and said previous agreement null and void, whereupon said Mrs. R. F. Davis and R. F. Davis shall pay unto said Mary V. Gheens the sum of Thirty-Five Hundred Dollars ($3,500.00), with interest at 5% per annum.

"(Signed) Mrs. F. R. Davis.
"Signed) R. F. Davis.
"(Signed) Mrs. Mary V. Gheens."

Mrs Gheens, under the terms of the contract, resided with the Davises for twenty-seven months. She left their

home and instituted a common-law action to recover the $3,500 mentioned in the contract on the ground that they had breached the contract. The case was tried, and she obtained a judgment. This judgment was conclusive that the Davises had breached the contract.

They instituted this suit seeking to recover a sum in addition to that which had been paid on the ground that the services rendered by them were worth more than $30 a month. Reducing their contention to the smallest compass, it is that the $30 a month was only a part of the compensation which they were to receive; that they were to receive the $3,500 mentioned in the contract upon the death of Mrs. Gheens, and that it was a part of the consideration for their caring for her, and as they had earned a part of it, although they breached the contract, they were entitled to a fair adjustment of the compensation. A demurrer to the petition as amended was sustained, and appellants declined to plead further, whereupon, their petition was dismissed.

The first question before us is the proper construction of the contract. If the contract should be construed as contended for by appellants, other questions would arise, but, if the contract should be construed as it was by the chancellor, no other question need be determined. In the first place the contract fixed the amount to be paid at $30 a month, but as a part of the whole plan and agreement the Davises were to receive $3,500 additional if they did not violate the contract, but they were to pay 5 per cent. interest on the $3,500 during the life of the contract. If the contract was violated, however, Mrs. Gheens had the option to declare the agreement at an end, and the Davises, by the very terms of the contract, were required to pay the $3,500 with interest to Mrs. Gheens. The effect of the contract was that Mrs. Gheens should pay $30 a month, and that, in addition to $30 a month, the Davises should receive $3,500 at her death, provided they did not breach the contract, but, if they did, they were only to receive $30 a month and should return the $3,500 to Mrs. Gheens. The chancellor's opinion was in accord with this construction of the contract, and, as we have reached the conclusion that he was correct, no other question is material.

Judgment affirmed.